William Ray COSTELLO, Plaintiff–Appellant,

v.

CITY OF BURLINGTON, Burlington Police Department, Gene Burgman, Tom Trembly, Bill Ward, John Lewis, Ene Evaluator, Defendants [1]–Appellees.

No. 08–0551–cv.

United States Court of Appeals, Second Circuit.

July 21, 2009.

---

1. The Clerk of the Court is directed to change the official caption which improperly reads: "Defendant–Appellees" rather than "Defendants–Appellees."

William Ray Costello, Milton, VT, pro se.

Steven Collier, Lynn, Thomas & Blackman, P.C., Burlington, VT, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, GUIDO CALABRESI, and ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

We review *de novo* an order granting summary judgment, and ask whether the District Court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). For substantially the reasons stated by the District Court, we find that the District Court properly granted summary judgment with regard to Costello's facial challenge to Burlington's noise ordinance. We have previously rejected a vagueness challenge to this ordinance, *see Howard Opera House Assocs. v. Urban Outfitters, Inc.,* 322 F.3d 125, 128 (2d Cir.2003), and we have also indicated that a similarly worded ordinance "[a]s written . . . [did] not necessarily raise constitutional concern," *see Deegan v. City of Ithaca,* 444 F.3d 135, 140 (2d Cir.2006).

Costello also brings an as-applied challenge to the noise ordinance. To assess the District Court's grant of summary judgment on this issue, we must consider whether Burlington's ordinance was applied to Costello in a manner that was "narrowly tailored to serve a significant governmental interest." *Ward v. Rock Against Racism,* 491 U.S. 781, 791, 109 S.Ct. 2746, 105 L.Ed.2d 661 (1989). As we explained in *Deegan,* narrow tailoring is "fact specific and situation specific," which, in the case of a restriction on "unreasonable noise," requires an inquiry into the character and environment of the area in which the ordinance was enforced; it matters whether it is a parking lot, a stadium, or a residential street. In short, the inquiry looks to the level of noise that is "usual and customary in a particular setting." 444 F.3d at 141–43.

We **REMAND** to the District Court to supplement the record regarding the activities and noise level that are "usual and customary" in the space where the alleged violation occurred. The District Court should then determine, in light of that record, whether Defendants were entitled to judgment as a matter of law.[2] After the District Court's decision, jurisdiction may be restored to this court by letter from any party, and the Clerk's Office shall set a briefing schedule and send such proceeding to this panel for disposition without oral argument unless otherwise ordered. *See Jacobson,* 15 F.3d at 21–22.

---

2. In view of the fact that the remaining questions regarding whether the District Court properly granted the motions to dismiss brought by the remaining defendants may depend in part on whether Costello has a valid as-applied challenge, we will address them only if the as-applied challenge is found to survive summary judgment.