13-1262-cv
Auricchio v. Town of Dewitt, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand fourteen.

PRESENT: DENNIS JACOBS,
         DENNY CHIN,
         SUSAN L. CARNEY
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

NICHOLAS M. AURICCHIO,
         <u>Plaintiff-Appellant</u>,

         -v.-                                    13-1262-cv

TOWN OF DEWITT; TOWN OF DEWITT POLICE DEPARTMENT; EUGENE J. CONWAY, Individually and in his official capacity as Chief of Police for the Town of Dewitt; BRENTON WHITE, Individually and in his official capacity as Police Officer for the Town of Dewitt Police Department; DAMON GAGNIER, Individually and in his official capacity as Police Officer for the Town of Dewitt Police Department;
         <u>Defendants-Appellees</u>;

1

**JOHN DOE, Individually and in his
capacity as a Police Officer for the
Town of Dewitt Police Department;**
          **Defendant.**
- - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:**                    Michael J. Auricchio, Syracuse,
                                      New York.

**FOR APPELLEES:**                    Frank W. Miller, The Law Firm of
                                      Frank W. Miller, East Syracuse,
                                      New York.

     Appeal from a judgment of the United States District
Court for the Northern District of New York (Suddaby, <u>J.</u>).

     **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment of the district court be
**AFFIRMED.**

     Nicholas Auricchio appeals from a judgment of the
United States District Court for the Northern District of
New York (Suddaby, <u>J.</u>), granting summary judgment in favor
of defendants-appellees. We assume the parties' familiarity
with the underlying facts, the procedural history, and the
issues presented for review.

     We review a grant of summary judgment <u>de novo</u>. <u>See
Gonzalez v. City of Schenectady</u>, 728 F.3d 149, 154 (2d Cir.
2013). "Summary judgment is appropriate if there is no
genuine dispute as to any material fact and the moving party
is entitled to judgment as a matter of law." <u>Id.</u>; <u>accord</u>
Fed. R. Civ. P. 56(a). In determining whether there are
genuine disputes of material fact, the court is "'required
to resolve all ambiguities and draw all permissible factual
inferences in favor of the party against whom summary
judgment is sought.'" <u>Terry v. Ashcroft</u>, 336 F.3d 128, 137
(2d Cir. 2003) (quoting <u>Stern v. Trs. of Columbia Univ. in
City of N.Y.</u>, 131 F.3d 305, 312 (2d Cir. 1997)). There is
no genuine dispute for trial "[w]here the record taken as a
whole could not lead a rational trier of fact to find for
the non-moving party." <u>Matsushita Elec. Indus. Co. v.
Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

This suit arises out of Auricchio's arrest on East Genessee Street, in the Town of Dewitt, for violating the Town's Noise Control Law by preaching. See Town of Dewitt Code, Ch. 126 (the "noise ordinance"). We affirm for substantially the same reasons set forth by the district court in its well-reasoned decision dated March 8, 2013. See Auricchio v. Town of DeWitt, 2013 U.S. Dist. LEXIS 31679 (N.D.N.Y. Mar. 8, 2013).

In particular, we have upheld the constitutionality of similarly-worded statutes against facial challenges under the First Amendment. See, e.g., Costello v. City of Burlington, 329 F. App'x 330, 331 (2d Cir. 2009); Deegan v. City of Ithaca, 444 F.3d 135, 140 (2d Cir. 2006). Auricchio's as-applied challenge is that the noise ordinance's exceptions render the ordinance impermissibly content-based. We disagree. "[E]nforcement of the noise control ordinance did not burden substantially more speech than necessary to achieve [Dewitt's] goal of curbing excessive noise[,]" because the undisputed evidence demonstrates that Auricchio's "noise impinged on the use of the neighborhood by others with equal claim[.]" Costello v. City of Burlington, 632 F.3d 41, 46 (2d Cir. 2011). Finally, we agree with the district court that the defendant police officers had probable cause to arrest Auricchio; in any event, they are entitled to qualified immunity on all of Auricchio's claims because, "[c]onsidered against the backdrop of our prior holdings, it is clear [that] 'officers of reasonable competence could disagree on the legality of [Auricchio's] actions,' especially in light of the multitude of uses [East Genesee] Street must accommodate." Id. at 52 (Pooler, J., concurring) (citation omitted).

For the foregoing reasons, and finding no merit in Auricchio's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
